DEBRA McKOY, as Administratrix of the Estate of ARTHUR G. McKOY, deceased, Plaintiff v. CHARLES R. BEASLEY, M.D., and THE LUMBERTON MEDICAL CLINIC, P.A., Defendants

No. COA09-1315

(Filed 5 July 2011)

**1. Medical Malpractice— Rule 9(j) certification—amended complaint filed after statute of limitations expired**

The trial court did not err by dismissing a wrongful death case based on medical negligence because plaintiff's original complaint was devoid of any allegations complying with N.C.G.S. § 1A-1, Rule 9(j), and the defect could not be corrected by filing a second complaint after the expiration of the applicable statute of limitations.

**2. Appeal and Error— preservation of issues—failure to raise constitutional issue at trial**

Although plaintiff contended that the trial court erred in a wrongful death case by dismissing her amended complaint based on the unconstitutionality of N.C.G.S. § 1A-1, Rule 9(j), plaintiff waived this contention by failing to present any supporting argument.

Appeal by plaintiff from orders entered 24 June 2009 and 2 September 2009 by Judge W. Russell Duke, Jr. in Bladen County Superior Court. Cross assignment of error by defendants from order entered 14 July 2008 by Judge Douglas B. Sasser. Heard in the Court of Appeals 18 August 2010.

McKOY v. BEASLEY

[213 N.C. App. 258 (2011)]

*Fuller & Barnes, LLP, by Trevor M. Fuller and Michael D. Barnes, for plaintiff-appellant.*

*Yates, McLamb & Weyher, L.L.P., by John W. Minier and Heather R. Wilson, for defendants-appellees.*

*McGuireWoods, LLP, by Claire A. Modlin, Monica E. Webb, and Matthew M. Calabria, Amicus Curiae for North Carolina Association of Defense Attorneys.*

STEELMAN, Judge.

Where plaintiff's original complaint seeking damages for medical negligence was devoid of any allegations complying with Rule 9(j) of the Rules of Civil Procedure, this defect could not be corrected by filing a second complaint following dismissal of the first complaint. Where plaintiff failed to raise a constitutional challenge to the constitutionality of Rule 9(j) in her pleadings, and failed to adequately develop that argument before the trial court, that argument is dismissed.

## I. Factual and Procedural Background

On 2 December 1998, Arthur G. McKoy ("McKoy") sought treatment at Southeastern Regional Medical Center for anemia, bloody diarrhea, and abdominal pain and weakness. McKoy was treated by physicians from defendant, The Lumberton Medical Clinic ("Lumberton"). On 4 December 1998, McKoy underwent the first of three colonoscopies, resulting in a diagnosis of ulcerative colitis. On 18 June 2000, McKoy presented to Dr. Khattak at the Southeastern Regional Medical Center experiencing blood in his rectum, loose bowels, and right upper quadrant pain. On 21 June 2000, McKoy underwent a second colonscopy. The pathology report stated that, "[w]ith the presence of glandular atypia, treatment with repeat biopsy is recommended." No further colonscopies were performed until 2005. In December 2000, McKoy was diagnosed with a chronic liver condition. In January 2003, Dr. Charles R. Beasley ("Beasley"), a partner in Lumberton, began treating McKoy for both conditions. Between January 2003 and April 2005 Beasley never scheduled or suggested that McKoy undergo a colonscopy. On 7 April 2005, McKoy presented to Beasley with debilitating stomach cramps, nausea, and vomiting. On 13 April 2005, McKoy underwent a third colonoscopy, which revealed widely metastatic colon cancer. McKoy died from this condition on 30 April 2005.

McKOY v. BEASLEY

[213 N.C. App. 258 (2011)]

The Administratrix of McKoy's Estate ("plaintiff") first filed a wrongful death action on 7 April 2007 against Beasley, Lumberton, and two other defendants. On 18 February 2008, Judge Gregory Weeks entered an order dismissing the claims against Beasley for failure to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure.[1] This dismissal was without prejudice, and gave plaintiff leave to re-file the action against Beasley and Lumberton on or before 26 December 2007 in accordance with the provisions of Rule 41(b) of the North Carolina Rules of Civil Procedure. The order further stated: "[t]he Court expresses no opinion as to whether any re-filed action would be timely or untimely."[2]

The present action was filed on 20 December 2007. An amended complaint was filed on 20 March 2009.[3] Plaintiff's original complaint was accompanied by a "Motion to Qualify Expert Witnesses Under Rules 9(j)(2) and 702(e)." This motion sought an order from the trial court allowing Dr. Thomas E. Parker and Dr. Christian D. Stone to testify as to whether defendants complied with the applicable standard of care. Both the original and the amended complaint contained allegations of compliance with Rule 9(j)(1) of the Rules of Civil Procedure and Rule 702 of the Rules of Evidence, and in the alternative of compliance pursuant to Rule 9(j)(2) of the Rules of Civil Procedure and Rule 702(e) of the Rules of Evidence. On 19 May 2008, defendants filed a motion seeking dismissal of plaintiff's complaint asserting that plaintiff failed to comply with Rule 9(j) of the Rules of Civil Procedure and that her claims were barred under the applicable statute of limitations. On 14 July 2008, Judge Sasser entered an order denying defendants' motion. This order, relying upon the case of *Brisson v. Kathy A. Santoriello, M.D., P.A.*, 351 N.C. 589, 528 S.E.2d 568 (2000), held that although plaintiff's original complaint lacked an appropriate Rule 9(j) certification, that following the dismissal of the

1. Plaintiff appealed Judge Weeks' order dismissing her claims against the other two defendants based upon the applicable statutes of limitations and repose. This Court affirmed those dismissals in an unpublished opinion filed 17 March 2009. *McKoy v. Beasley*, No. COA08-369, 2009 N.C. App. LEXIS 271 (unpublished).

2. Judge Weeks heard this matter on 29 October 2007, announced his preliminary ruling on 7 November 2007, and verbally revised his ruling to the parties on 3 December 2007.

3. The primary import of these amendments was to make more specific allegations of negligence, and to assert that Beasley's conduct was grossly negligent, willful and wanton, and in reckless disregard of the health and safety of his patient. A claim for punitive damages was asserted. There was no material difference in the allegations pertaining to compliance with the provisions of Rule 9(j)(1) and (2) of the North Carolina Rules of Civil Procedure.

McKOY v. BEASLEY

[213 N.C. App. 258 (2011)]

case without prejudice by Judge Weeks, plaintiff was permitted to re-file her complaint, with the appropriate Rule 9(j) certification, and not have her action barred by the applicable statute of limitations.

Following extensive discovery, and the amendment of both plaintiff's complaint and defendants' answer, defendants filed a second motion to dismiss based upon: (1) failure to comply with the requirements of Rule 9(j) in that plaintiff could not reasonably have expected Dr. Parker to qualify as an expert witness; and (2) that no expert could be reasonably expected to satisfy the requirements of Rule 9(j) and Rule 702(e) of the Rules of Evidence.

On 26 May 2009, Judge Duke heard defendants' motion to dismiss. Plaintiff asserted that Judge Sasser had taken under advisement substantive issues pertaining to plaintiff's pre-suit compliance with Rule 9(j). Judge Duke, upon conferring with Judge Sasser, determined that Judge Sasser had not taken the matter under advisement, and had not in any way retained jurisdiction over the case. On 24 June 2009, Judge Duke filed an order dismissing plaintiff's amended complaint, with prejudice. This order held that: (1) Judge Sasser's order was limited to the facial compliance of plaintiff's complaint with respect to Rule 9(j), and did not consider plaintiff's motion to qualify experts under Rule 9(j)(2) and Rule 702(e); (2) plaintiff could not show an "appropriate pre-suit review," and has not shown "extraordinary circumstances" justifying departure from the requirements of Rule 9(j); and (3) the amended complaint does not allege that plaintiff complied with Rule 9(j) before filing the original complaint; plaintiff could not have reasonably expected Dr. Parker to qualify as an expert witness; plaintiff failed to demonstrate any "extraordinary circumstances" that would allow Dr. Parker or Dr. Stone to qualify under Rule 702(e).

On 13 July 2009, plaintiff filed notice of appeal.

On 29 June 2009, plaintiff filed a motion for reconsideration and relief from Judge Duke's order pursuant to Rules 59(e), 60(b)(1) and 60(b)(6) of the Rules of Civil Procedure. An amended motion was filed on 3 August 2009. In an order dated 2 September 2009, Judge Duke noted his lack of jurisdiction over the motions, and denied them. The order did note that he was inclined to deny them, had there been jurisdiction.

Plaintiff gave notice of appeal from this order on 15 September 2009. This appeal was consolidated with plaintiff's earlier appeal by order of this Court on 2 December 2009.

## II. Compliance with Rule 9(j)

[1] In her second argument, plaintiff contends that Judge Duke erred in dismissing her amended complaint for failure to comply with Rule 9(j) and the applicable statute of limitations. Defendants have cross assigned error to Judge Sasser's order of 14 July 2008 which denied their previous motion to dismiss. These arguments involve the identical issue. We hold that Judge Duke's order was correct, and that Judge Sasser's order was in error.

### A. Standard of Review

"Where there is no dispute over the relevant facts, a lower court's interpretation of a statute of limitations is a conclusion of law that is reviewed *de novo* on appeal." *Goetz v. N.C. Dep't. of Health & Human Servcs.,* —— N.C. App. ——, ——, 692 S.E.2d 395, 398 (2010) (citation omitted), *disc. review denied,* 364 N.C. 325, 700 S.E.2d 751 (2010). We also review the trial court's ruling on Rule 9(j) compliance *de novo. Morris v. SE Orthopedics Sports Med. & Shoulder Ctr.,* 199 N.C. App. 425, 437, 681 S.E.2d 840, 848 (2009), *disc. review denied,* 363 N.C. 745, 688 S.E.2d 456 (2009).

### B. Rule 9(j)(1) and (2)

In *Thigpen v. Ngo,* the North Carolina Supreme Court held that:

The legislature specifically drafted Rule 9(j) to govern the initiation of medical malpractice actions and to require physician review as a *condition for filing the action.* The legislature's intent was to provide a more specialized and stringent procedure for plaintiffs in medical malpractice claims through Rule 9(j)'s *requirement of expert certification prior to the filing of a complaint.* Accordingly, permitting amendment of a complaint to add the expert certification where the expert review occurred after the suit was filed would conflict directly with the clear intent of the legislature.

355 N.C. 198, 203-04, 558 S.E.2d 162, 166 (2002) (emphasis added); *accord Ford v. McCain,* 192 N.C. App. 667, 666 S.E.2d 153 (2008). "An amended complaint filed after the expiration of the statute of limitations cannot cure the omission if it does not specifically allege that the expert review occurred prior to the expiration of the statute of limitations." *Ford,* 192 N.C. App. at 671, 666 S.E.2d at 156 (citation omitted).

The statute of limitations for a wrongful death claim is two years from the date of death. N.C. Gen. Stat. § 1-53(4) (2005). McKoy died

on 30 April 2005. The original complaint in this action was filed on 20 December 2007, more than two years following 30 April 2005. As a result, plaintiff must rely upon the complaint filed in the previous action, which was dismissed by Judge Weeks without prejudice, in order to have timely filed her action for wrongful death. We have examined the complaint filed on 7 April 2007 in case 07 CVS 259. It is totally devoid of any allegations that indicate compliance with Rule 9(j) of the North Carolina Rules of Civil Procedure. Since the original complaint, that was filed within the two year limitations period was defective, the subsequent complaint must be dismissed.

This issue is controlled by the case of *Bass v. Durham Cty. Hosp. Corp.*, 158 N.C. App. 217, 580 S.E.2d 738 (2003), *rev'd per curiam for reasons stated in the dissent*, 358 N.C. 144, 592 S.E.2d 687 (2004). In *Bass* plaintiff filed a complaint on the last day of a 120 day extension, pursuant to Rule 9(j). The complaint did not contain a Rule 9(j) certification. This action was dismissed without prejudice and was refiled, this time containing the Rule 9(j) certification. The Supreme Court adopted Judge Tyson's dissent *per curiam*, which held:

> A Rule 41(a) voluntary dismissal would salvage the action and provide another year for re-filing had plaintiff filed a complaint complying with Rule 9(j) before the limitations period expired. Plaintiff's complaint was untimely filed beyond the expiration of the applicable statute of limitations and the Rule 9(j) extension.

*Bass*, 158 N.C. App. at 225, 580 S.E.2d at 743.

Judge Weeks' order dismissing plaintiff's claims against defendants without prejudice was pursuant to Rule 41(b), and was the functional equivalent of plaintiff taking a voluntary dismissal under Rule 41(a)(1) for purposes of our analysis under Rule 9(j). Under the rationale of *Bass*, the defective original complaint cannot be rectified by a dismissal followed by a new complaint complying with Rule 9(j), where the second complaint is filed outside of the applicable statute of limitations.

We note that Judge Sasser's order was predicated upon the Supreme Court's decision of *Brisson v. Kathy A. Santoriello, M.D., P.A.*, 351 N.C. 589, 528 S.E.2d 568 (2000). This was in error. Based upon the facts of the instant case, *Brisson* was overruled by the Supreme Court in *Bass*.

This case is distinguishable from *Ford v. McCain*, 192 N.C. App. 667, 666 S.E.2d 153, where the original complaint contained a Rule

9(j) certification. That complaint was subsequently dismissed, and refiled, with the refiled complaint also containing a Rule 9(j) certification.

This argument is without merit.

### III. Constitutionality of Rule 9(j)

[2] In her second argument, plaintiff contends that the trial court erred in dismissing her amended complaint because Rule 9(j) is unconstitutional, both on its face and as applied to plaintiff in this case. We disagree.

> [A] constitutional question is addressed *only when* the issue is squarely presented upon an adequate factual record and only when resolution of the issue is necessary. To be properly addressed, a constitutional issue must be definitely drawn into focus by plaintiff's pleadings. If the factual record necessary for a constitutional inquiry is lacking, an appellate court should be especially mindful of the dangers inherent in the premature exercise of its jurisdiction.

*Anderson v. Assimos*, 356 N.C. 415, 416-17, 572 S.E.2d 101, 102 (2002) (citations and quotations omitted).

Plaintiff filed her original complaint in case 07 CVS 259. Subsequently she filed a complaint and an amended complaint in this action. None of these pleadings raise any constitutional challenges to Rule 9(j).

At the hearing before Judge Duke plaintiff argued that compliance with Rule 9(j) was unconstitutional. However, plaintiff failed to present any argument as to why Rule 9(j) was unconstitional, and to support her contention filed with the court her brief from the 27 May 2008 motions hearing before Judge Sasser. The entirety of the argument addressing the constitutionality of Rule 9(j) in that brief stated:

> For reasons set forth more fully in the accompanying memorandum attached hereto, [plaintiff] urges the Court to find that Rule 9(j) is unconstitutional on its face and as applied to her. [Plaintiff] specifically incorporates and adopts, as if fully set forth herein, the accompanying memorandum contending that Rule 9(j) is unconstitutional. Accordingly, [plaintiff] urges this Court to find Rule 9(j) unconstitutional.

The referenced memorandum is not attached to plaintiff's brief from the 27 May 2008 motions hearing that was submitted to this Court in the record on appeal and the supplements to the record on appeal.

McKOY v. BEASLEY

[213 N.C. App. 258 (2011)]

"Appellate review is based solely upon the record on appeal; it is the duty of the appellant[] to see that the record is complete." *Carson v. Carson*, 177 N.C. App. 277, 279, 628 S.E.2d 439, 441 (2006) (quotation omitted). This Court will not engage in speculation as to what arguments may have been presented in the memorandum before Judge Sasser or Judge Duke. *County of Durham v. Roberts*, 145 N.C. App. 665, 671, 551 S.E.2d 494, 498 (2001) (citation omitted) ("It is well established that this Court can judicially know only what appears in the record."). "It is not the role of this Court to fabricate and construct arguments not presented by the parties before it." *Coker v. DaimlerChrysler Corp.*, 172 N.C. App. 386, 398, 617 S.E.2d 306, 314 (2005) (citations omitted), *aff'd per curiam*, 360 N.C. 398, 627 S.E.2d 461 (2006).

"To be properly addressed, a constitutional issue must be definitely drawn into focus by plaintiff's pleadings." *Anderson*, 356 N.C. at 416, 572 S.E.2d at 102 (quotation omitted). In the instant case, the record is completely devoid of any argument or development of the factual record relating to the constitutional issue; therefore, we will not address it.

This argument is dismissed.

### IV. Remaining Arguments

Because this case was properly dismissed for failure of plaintiff's complaint in the first case to contain any allegations concerning Rule 9(j) compliance, we do not address plaintiff's remaining arguments.

AFFIRMED.

Judges STEPHENS and HUNTER, JR., ROBERT N. concur.