McCULLOUGH, Judge.
*233 Plaintiff Brandie Fintchre appeals from an order dismissing her action with prejudice against defendants Duke University, Duke University Health Systems, Jane Doe, R.N., and Hardee Klitzman, R.N., in their individual capacities. For the reasons stated herein, we affirm in part and reverse and remand in part.
*320 I. Background
On 6 October 2011, plaintiff Brandie Fintchre filed a complaint against defendants Duke University, Duke University Health Systems, Jane Doe, R.N., and Hardee Klitzman, R.N. ("first complaint"). The first complaint set forth claims of medical negligence against Jane Doe, R.N. in her individual and official capacities; medical negligence against *234 Hardee Klitzman, R.N. in her individual and official capacities; negligence against Duke University, Duke University Health Systems, and Duke University Medical Center; negligent and intentional infliction of emotional distress against all defendants; and punitive damages. The first complaint also contained a Rule 9(j) certification pursuant to N.C. Gen.Stat. § 1A-1, Rule 9(j) and provided that "the medical care provided to Plaintiff was reviewed by persons who Plaintiff reasonably expects to qualify as expert witnesses under N.C. R. Evid. 702 who are willing to testify that the medical care at issue in this action failed to comply with the standard of care."
On 14 December 2011, defendants filed an "Answer and Defenses." Defendants argued, inter alia, that plaintiff had failed to comply with the requirements pursuant to Rule 9(j). Defendants also made a motion to dismiss all "punitive damages claims" pursuant to provisions of N.C. Gen.Stat. §§ 1D-15 et seq. and Rule 12(b)(6) of the North Carolina Rules of Civil Procedure.
On 19 December 2012, defendants filed a "Motion to Dismiss, or For Other Relief." Defendants argued that plaintiff had failed to comply with the trial court's discovery scheduling order entered 10 January 2012 and that defendants were thereby prejudiced.
On 3 January 2013, plaintiff voluntarily dismissed her first action against defendants without prejudice.
On 20 December 2013, plaintiff filed a complaint against defendants Duke University, Duke University Health Systems, Jane Doe, R.N., and Hardee Klitzman, R.N., in their individual and official capacities. ("second complaint"). Plaintiff's causes of action included the following: medical negligence against Jane Doe, R.N. and Hardee Klitzman, R.N., in their individual and official capacities and against Duke University and Duke University Health Systems; negligence against Duke University, Duke University Health Systems, and Duke University Medical Center; negligent infliction of emotional distress against defendants and Duke University Medical Center; intentional infliction of emotional distress against defendants and Duke University Medical Center; and, punitive damages. The second complaint contained the following Rule 9(j) certification:
82. Pursuant to North Carolina General Statute Section 1A-1, Rule 9(j), the medical care provided to Plaintiff was reviewed by persons who Plaintiff reasonably expects to qualify as expert witnesses under N.C. R. Evid. 702 who are willing to testify that the medical care at issue in this action failed to comply with the standard of care.
*235 Plaintiff alleged that on 15 October 2008, plaintiff underwent a hysterectomy after being diagnosed with adenocarcinoma of the cervix. Following surgery, she was transferred to the Post Anesthesia Care Unit where she was evaluated by defendant Jane Doe, a nurse. Defendant Doe, disregarding plaintiff's physician's orders that required plaintiff to be catheterized indefinitely, removed plaintiff's catheter. Plaintiff alleged that defendant's actions resulted in a stretched bladder, abdominal pain, damage to her bladder, and loss of normal bladder functioning. Throughout 2008 and 2009, plaintiff suffered multiple urinary tract infections and ongoing inability to completely void her bladder. On 22 April 2010, plaintiff underwent a vaginal biopsy to determine if her cancer had returned. Defendant Hardee Klitzman provided postoperative nursing care. Plaintiff alleged that defendant Klitzman incorrectly evaluated plaintiff's bladder as "not distended" multiple times and authorized plaintiff's release from the hospital. Following discharge, plaintiff went to the emergency department of Duke University Medical Center complaining of severe pain in her abdomen.
Plaintiff was hospitalized for five (5) days and diagnosed with an infection caused by "a large amount of urine that ... was released into the intraperitoneal cavity when plaintiff's bladder tore due to over-distention." Plaintiff *321 was required to undergo a surgery to drain the urine from her abdomen. From October 2008 until February 2011, plaintiff had not been able to void the entire contents of her bladder without assistance. Plaintiff alleged that she suffered from incontinence, recurring pain and infections, and a reduced quality of life.
On 31 January 2014, defendants filed a "Response to Complaint." Defendants argued that "Duke University Health System" is not an existing entity and that plaintiff was provided notice in 2012 for the correct name of the entity that provided healthcare to plaintiff, Duke University Health System, Inc. Defendants also argued that in 2012, plaintiff was provided notice regarding the identity of defendant Jane Doe, Kimberly Emory, R.N. Based on the foregoing, defendants moved to dismiss the second complaint on behalf of defendant Jane Doe and Duke University Health System for insufficiency of process, insufficiency of service of process, lack of personal jurisdiction, and failure to state a claim pursuant to Rules 4, 12(b)(2), and 12(b)(4-6) of the North Carolina Rules of Civil Procedure. Defendants also moved to dismiss plaintiff's second complaint as to Duke University, pursuant to Rule 12(b)(6). Defendants argued that Duke University was not a healthcare provider to plaintiff nor employed anyone who provided healthcare to plaintiff. Defendants moved to dismiss plaintiff's action in its entirety pursuant to *236 Rule 41(d) of the North Carolina Rules of Civil Procedure for failure to pay the costs of plaintiff's first action. In addition, defendants moved to dismiss plaintiff's action for failure to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure. Defendants also presented the following defenses, inter alia: expiration of the applicable statute of limitations and/or repose; punitive damages claims are unconstitutional; compliance with standards of care; lack of proximate cause; and, contributory negligence and other affirmative defenses.
On 4 March 2014, defendants filed a motion for costs and fees pursuant to Rule 41(d) of the North Carolina Rules of Civil Procedure, N.C. Gen.Stat. § 6-20, and N.C. Gen.Stat. § 7A-305(d).
On 24 March 2014, plaintiff filed a "Motion to Amend the Pleadings" pursuant to N.C. Gen.Stat. § 1A-1, Rule 15. Plaintiff sought to amend paragraph 82 of the second complaint which dealt with the Rule 9(j) certification.
A hearing was held on 24 March 2014 in Durham County Superior Court, Judge W. Osmond Smith, presiding. The trial court considered defendants' motion to dismiss plaintiff's second complaint, plaintiff's motion to amend the second complaint, and defendants' motion for costs. On 24 June 2014, the trial court entered an "Order Dismissing Action with Prejudice and Taxing Costs to Plaintiff." The trial court entered the following findings of fact, in pertinent part:
3. Plaintiff filed an action against Defendants on October 6, 2011, captioned Brandie Fintchre v. Duke University, et al., No. 11 CVS 5194 (referred to herein as the "First Lawsuit" or the "First Complaint").
4. The First Lawsuit named as defendants Duke University, Duke University Health Systems, Jane Doe, RN, and Hardee Klitzman, RN.
....
6. On December 12, 2011, through counsel, all named Defendants answered the First Complaint. The Answer set forth that Plaintiff's healthcare that is the subject of the action was provided by Duke University Health System, Inc. Plaintiff did not name Duke University Health System, Inc. as a Defendant in the First Lawsuit, or attempt to amend to add Duke University Health System Inc. to that Lawsuit.
*237 7. On March 16, 2012, Defendants responded to Plaintiff's Interrogatories, and identified "Jane Doe, RN" as Kimberly Emory, RN, a registered nurse employed by Duke University Hospital. Plaintiff did not move to amend to add Ms. Emory as a defendant or to substitute her for Jane Doe.
....
10. The First Complaint does not allege, as required under Rule 9(j), that a person reasonably expected to qualify as an expert reviewed the medi[c]al records pertaining *322 to the alleged negligence that were available to Plaintiff at the time she filed the First Complaint.
11. On January 3, 2013, Plaintiff Brandie Fintchre filed a voluntary dismissal, without prejudice, of her claims against Duke, pursuant to Rule 41(a) of the North Carolina Rules of Civil Procedure.
....
13. On December 20, 2013, Plaintiff refiled the present action (the "Second Lawsuit" or the "Second Complaint").
14. The Second Complaint asserts the same causes of action against the same Defendants as the First Complaint.
15. The Second Complaint does not name Duke University Health System, Inc. or Ms. Emory as Defendants.
16. Plaintiff did not serve Duke University Health System, Inc. or Ms. Emory with the Second Complaint.
....
18. The Second Complaint, like the First Complaint, does not allege that a person reasonably expected to qualify as an expert reviewed the medi[c]al records pertaining to the alleged negligence that were available to Plaintiff at the time she filed the Second Complaint.
....
21. On March 24, 2014, Plaintiff moved to amend the Complaint to change the name of Defendant Duke University Health Systems to Duke University Health System, Inc. in the caption and Summons.
*238 22. Plaintiff also moved to amend Paragraph 82 of the Complaint to include a certification that a person expected to qualify as an expert witness had reviewed all medical records pertaining to the alleged negligence that were available to Plaintiff at the time she filed the Complaint.
The trial court concluded that plaintiff's naming of Duke University Health Systems instead of Duke University Health System, Inc. was a misnomer and granted plaintiff's motion to amend the second complaint and summons to name defendant Duke University Health System, Inc. Defendants' motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), insufficiency of process under Rule 12(b)(4), and insufficiency of service of process under Rule 12(b)(5) was denied. The trial court concluded that despite defendants informing plaintiff of defendant Jane Doe's true identity, plaintiff failed to name the correct defendant in both of her suits prior to the lapse of the statute of limitations, in violation of N.C. Gen.Stat. § 1-166, and failed to serve Ms. Emory with either complaint. Plaintiff's claims as to Jane Doe/Emory were dismissed with prejudice pursuant to Rule 12(b)(2) for lack of jurisdiction. The trial court concluded that plaintiff failed to file a complaint containing the required Rule 9(j) certification required within three (3) years of her alleged injuries. Furthermore, the trial court concluded that plaintiff's motion to amend was futile because the statute of limitations has elapsed. Thereby, defendants' motion to dismiss pursuant to Rule 9(j), Rule 12(b)(6), and the applicable statute of limitations was granted. The trial court taxed plaintiff with costs pursuant to Rule 41(d) and N.C. Gen. Stat. § 7A-305.
Plaintiff appeals.
II. Discussion
Plaintiff advances three issues on appeal. Plaintiff argues that the trial court erred by (A) denying her motion to amend the second complaint in order that it comply with Rule 9(j) of the North Carolina Rules of Civil Procedure ; (B) entering findings of fact and conclusions of law that were not supported by the evidence; and, (C) taxing interest on costs awarded pursuant to Rule 41(d) of the North Carolina Rules of Civil Procedure.
A. Rule 9(j)
Plaintiff argues that the trial court erred by denying her motion to amend the second complaint in order that it comply with N.C. Gen.Stat. § 1A-1, Rule 9(j). We disagree.
*239 Motions to amend are governed by N.C. Gen.Stat. § 1A-1, Rule 15. Rule 15(a) provides that:
A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive *323 pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 30 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires....
N.C.G.S. § 1A-1, Rule 15(a) (2014).
Generally, Rule 15 is construed liberally to allow amendments where the opposing party will not be materially prejudiced.... [O]ur standard of review for motions to amend pleadings requires a showing that the trial court abused its discretion. Denying a motion to amend without any justifying reason appearing for the denial is an abuse of discretion. However, proper reasons for denying a motion to amend include undue delay by the moving party and unfair prejudice to the nonmoving party. Other reasons that would justify a denial are bad faith, futility of amendment, and repeated failure to cure defects by previous amendments. When the trial court states no reason for its ruling on a motion to amend, this Court may examine any apparent reasons for the ruling.
Delta Envtl. Consultants, Inc. v. Wysong & Miles Co., 132 N.C.App. 160, 165-66, 510 S.E.2d 690, 694 (1999) (internal citations omitted).
The North Carolina Rules of Civil Procedure address pleadings in medical malpractice suits and Rule 9(j) mandates as follows:
Medical malpractice.-Any complaint alleging medical malpractice by a health care provider pursuant to G.S. 9021.11(2)a. in failing to comply with the applicable standard of care under G.S. 90-21.12 shall be dismissed unless:
(1) The pleading specifically asserts that the medical care and all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry have been reviewed by a person who is reasonably expected to qualify as an expert *240 witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care[.]
N.C. Gen.Stat. § 1A-1, Rule 9(j) (2014) (emphasis added). "We [ ] review the trial court's ruling on Rule 9(j) compliance de novo. " McKoy v. Beasley, 213 N.C.App. 258, 262, 712 S.E.2d 712, 715 (2011) (citation omitted).
In its 16 June 2014 order, the trial court concluded that plaintiff had "failed to file a complaint containing the required Rule 9(j) certification within three years of the acts that caused her alleged injuries" based on plaintiff's failure to allege that all medical records pertaining to the alleged negligence were reviewed by a person who plaintiff reasonably expected to qualify as an expert witness. The trial court further concluded that plaintiff's motion to amend the 9(j) certification in her second complaint, filed 24 March 2014, was "futile because the statute of limitations elapsed."
On appeal, plaintiff concedes that her "counsel inadvertently failed to expressly state [that] this pre-filing evaluation included a review of 'all medical records pertaining to the alleged negligence.' " Nonetheless, plaintiff argues that although the language of her complaints was deficient, because she complied with the substantive requirements of Rule 9(j) before she filed her first action, filed her first action within the statute of limitations, and filed her second action within one year of taking a voluntary dismissal of her first action, the trial court should have granted her motion to amend the Rule 9(j) certification in her second complaint. Plaintiff's contentions are not convincing.
Plaintiff relies on the holding in Brisson v. Santoriello, 351 N.C. 589, 528 S.E.2d 568 (2000), for her argument. First, we note that Brisson was "overruled by the Supreme Court in Bass [v. Durham County Hospital Corp., 358 N.C. 144, 592 S.E.2d 687 (2004) ]." McKoy, 213 N.C.App. at 263, 712 S.E.2d at 716. Second, the circumstances in Brisson are distinguishable from those found in the case sub judice. In Brisson, the plaintiffs' first complaint failed to comply with Rule 9(j). Brisson, 351 N.C. at 591-92, 528 S.E.2d at 569. The plaintiffs voluntarily dismissed their claims against the defendants pursuant *324 to Rule 41(a)(1)[1] and subsequently filed *241 a second complaint that included the appropriate Rule 9(j) certification. Id. at 592, 528 S.E.2d at 570. The second complaint was filed beyond the applicable three year statute of limitations. The trial court granted the defendants' motion for judgment on the pleadings, stating that the first complaint did not extend the statute of limitations because the first complaint did not comply with Rule 9(j). Id. Our Court reversed the trial court and reinstated the plaintiffs' action. Id. at 593, 528 S.E.2d at 570. Upon review, the North Carolina Supreme Court stated that the only issue before it was whether the plaintiffs' voluntary dismissal pursuant to Rule 41 effectively extended the statute of limitations by allowing the plaintiffs to refile their complaint against the defendants within one year and concluded that it does. Id. The Brisson Court stated that the purpose of the one-year extension of Rule 41 was to "provide a one-time opportunity where the plaintiff, for whatever reason, does not want to continue the suit." Id. at 597, 528 S.E.2d at 573. Unlike in Brisson, plaintiff in the present case failed to file a proper Rule 9(j) certification in either of her two complaints. In addition, the issue before our Court is not whether Rule 41 provided a one-year extension from the voluntary dismissal of the first complaint, but whether the trial court should have granted plaintiff's motion to amend the second complaint.
We find our holding in McKoy v. Beasley, 213 N.C.App. 258, 712 S.E.2d 712 (2011), to be instructive. In McKoy, the plaintiff filed a wrongful death action on 7 April 2007, within two years of the decedent's death on 30 April 2005. Id. at 260, 712 S.E.2d at 713. The trial court dismissed the plaintiff's action without prejudice, pursuant to Rule 41(b), for failure to comply with Rule 9(j). Our Court reasoned that the trial court's dismissal pursuant to Rule 41(b) was the functional equivalent of the plaintiff taking a voluntary dismissal under Rule 41(a)(1) for purposes of the analysis. Id. at 263, 712 S.E.2d at 716. The plaintiff then filed the second action on 20 December 2007 and an amended action on 20 March 2009. Id. at 260, 712 S.E.2d at 714. Our Court stated that because the second action was filed more than two years following the decedent's death, the plaintiff must rely on the 7 April 2007 action in order to have timely filed her action for wrongful death. Id. at 263, 712 S.E.2d at 715. "Since the original complaint, that was filed within the two year limitations period was defective, the subsequent complaint must be dismissed." Id. Our Court relied on the case of Bass v. Durham Cty. Hosp. Corp., 158 N.C.App. 217, 580 S.E.2d 738 (2003), rev'd per curiam for reasons stated in the dissent, 358 N.C. 144, 592 S.E.2d 687 (2004), which held as follows:
A Rule 41(a) voluntary dismissal would salvage the action and provide another year for re-filing had plaintiff filed a *242 complaint complying with Rule 9(j) before the limitations period expired. Plaintiff's complaint was untimely filed beyond the expiration of the applicable statute of limitations and the Rule 9(j) extension.
Id. at 263, 712 S.E.2d at 716 (citation omitted). Accordingly, our Court held that "the defective original complaint cannot be rectified by a dismissal followed by a new complaint complying with Rule 9(j), where the second complaint is filed outside of the applicable statute of limitations." Id.
In the present case, the alleged medical malpractice occurred in October 2008 and April 2010. The first complaint was filed on 6 October 2011, within the three year statute of limitations[2] . Plaintiff subsequently filed a voluntary dismissal without prejudice on 3 January 2013 pursuant to N.C. Gen.Stat. § 1A-1, Rule 41. The second complaint was filed on 20 December 2013. Both the first and second complaints included the following language in its 9(j) certification:
Pursuant to North Carolina General Statute Section 1A-1, Rule 9(j), the medical *325 care provided to Plaintiff was reviewed by persons who Plaintiff reasonably expects to qualify as expert witnesses under N.C. R. Evid. 702 who are willing to testify that the medical care at issue in this action failed to comply with the standard of care.
Both complaints failed to allege that a person reasonably expected to qualify as an expert had reviewed all available medical records pertaining to the alleged negligence. Because the second complaint was filed following the expiration of the statute of limitations, plaintiff must rely on the first complaint in order to have timely filed her medical malpractice action. We hold that where plaintiff failed to file a complaint including a valid Rule 9(j) certification within the statute of limitations, granting plaintiff's motion to amend her second complaint would have been futile, as the trial court found. Therefore, we affirm the order of the trial court, granting defendants' motion to dismiss pursuant to Rule 9(j).
B. Findings of Fact and Conclusions of Law
In her second argument on appeal, plaintiff asserts that the trial court erred by entering findings of fact and conclusions of law that were unnecessary and not supported by the evidence.
*243 "The standard of review for this Court is whether the findings of fact by the trial court are supported by competent evidence in the record [.]" Embark, LLC v. 1105 Media, Inc., --- N.C.App. ----, ----, 753 S.E.2d 166, 170 (2014) (citation and quotation marks omitted). Findings of fact are conclusive on appeal if supported by competent evidence, "even though the evidence might sustain a finding to the contrary." In re Foreclosure of a Deed of Trust Executed by Bass, 366 N.C. 464, 467, 738 S.E.2d 173, 175 (2013) (citation omitted). "A trial court's unchallenged findings of fact are presumed to be supported by competent evidence and [are] binding on appeal." Mussa v. Palmer-Mussa, 366 N.C. 185, 191, 731 S.E.2d 404, 409 (2012) (citation and internal quotation marks omitted). Conclusions of law are reviewable de novo. GE Betz, Inc. v. Conrad, --- N.C.App. ----, ----, 752 S.E.2d 634, 645 (2013).
In the present case, plaintiff named "Duke University Health Systems" as a defendant in the caption of both complaints. Plaintiff then identified "Duke University Health Systems, Inc." in the body of both complaints. The trial court held that "Duke University Health Systems" was not an existing entity and that "Duke University Health System, Inc." was the entity that supervised plaintiff's healthcare. The trial court concluded that plaintiff's naming of Duke University Health Systems instead of Duke University Health System, Inc. in both her first and second complaints was a misnomer and granted plaintiff's motion to amend the second complaint and summons to name Duke University Health System, Inc. in place of Duke University Health Systems. Plaintiff does not challenge the aforementioned conclusions.
Instead, plaintiff challenges the following findings of fact:
4. The First Lawsuit named as defendants Duke University, Duke University Health Systems, Jane Doe, RN, and Hardee Klitzman, RN.
....
6. On December 12, 2011, through counsel, all named Defendants answered the First Complaint. The Answer set forth that Plaintiff's healthcare that is the subject of the action was provided by Duke University Health System, Inc. Plaintiff did not name Duke University Health System, Inc. as a Defendant in the First Lawsuit, or attempt to amend to add Duke University Health System, Inc. to that Lawsuit.
....
*244 15. The Second Complaint does not name Duke University Health System, Inc. or Ms. Emory as Defendants.
Plaintiff also challenges the following conclusion of law:
3. Neither the First Complaint nor the Second Complaint names Duke University Health System Inc. as a defendant.
After thorough review, we hold that findings of fact numbers 4, 6, and 15 are supported by competent evidence in the record.
*326 The caption of the first complaint named Duke University, Duke University Health Systems, Jane Doe, RN, and Hardee Klitzman, R.N. as defendants. In its 14 December 2011 "Answer and Defenses," defendants stated that plaintiff's healthcare that is the subject of the action was provided by Duke University Health System, Inc. In addition, the record indicates that plaintiff did not name Duke University Health System, Inc. as a defendant in either complaint and that plaintiff did not attempt to amend the first complaint in order to add Duke University Health System, Inc. as a defendant. Based on the foregoing findings of fact, the trial court did not err by concluding that plaintiff failed to name Duke University Health System, Inc. as a defendant.
C. Interest on Costs
In her last argument, plaintiff contends that the trial court erred by awarding interest on costs incurred by defendants in the first action. We agree.
In the 24 June 2014 order, the trial court ordered the following:
6. The Motion by all Defendants to tax to Plaintiff the costs arising from 11 CVS 5194 [ (the first complaint) ] allowed by N.C. Gen.Stat. § 7A-305 and Rule 41(d) is GRANTED. Defendants shall have and recover the amount of $1,388.80 from Plaintiff Brandie Fintchre plus interest at the maximum legal rate after entry of this Order. This Order shall be entered as a Judgment against Plaintiff Brandie Fintchre in the records of the Durham County Clerk of Court in the amount of $1,388.80.
N.C. Gen.Stat. § 1A-1, Rule 41(d) (2014) provides that:
A plaintiff who dismisses an action or claim under section (a) of this rule shall be taxed with the costs of the action unless the action was brought in forma pauperis. If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same *245 claim against the same defendant before the payment of the costs of the action previously dismissed, unless such previous action was brought in forma pauperis, the court, upon motion of the defendant, shall make an order for the payment of such costs by the plaintiff within 30 days and shall stay the proceedings in the action until the plaintiff has complied with the order. If the plaintiff does not comply with the order, the court shall dismiss the action.
"[I]t is the general rule that interest on costs properly assessed may not be allowed without statutory authority." Charlotte v. McNeely, 281 N.C. 684, 696, 190 S.E.2d 179, 188 (1972) (citation omitted). Because N.C. Gen.Stat. § 1A-1, Rule 41(d) does not allow the trial court to award interest on costs assessed, we reverse and remand the portion of the 24 June 2014 order awarding "interest at the maximum legal rate" pursuant to Rule 41(d).
III. Conclusion
We affirm the 24 June 2014 order of the trial court, denying plaintiff's motion to amend the second complaint in order that it comply with Rule 9(j), and entering findings of fact numbers 4, 6, 15, and conclusion of law number 3. We reverse and remand the portion of the order awarding interests on costs pursuant to Rule 41(d).
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
Judge STEELMAN concurs.
Judge STEPHENS concurs by a separate written opinion.

Rule 41(a)(1) provides that "[i]f an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal unless a stipulation filed under (ii) of this subsection shall specify a shorter time." N.C. Gen.Stat. § 1A-1, Rule 41(a) (2014).

See N.C. Gen.Stat. § 1-15 (2014).