IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA15-1230

 Filed: 21 June 2016

Iredell County, No. 15 CVS 910

MARIA VAUGHAN, Plaintiff,

 v.

LINDSAY MASHBURN, M.D., and LAKESHORE WOMEN’S SPECIALISTS, PC,
Defendants.

 Appeal by Plaintiff from order entered 27 August 2015 by Judge Stanley L.

Allen in Iredell County Superior Court. Heard in the Court of Appeals 29 March

2016.

 Hedrick Gardner Kincheloe & Garofalo, LLP, by Patricia P. Shields and
 Joshua D. Neighbors; Shapiro, Appleton & Duffan, P.C., by Kevin M. Duffan;
 and Collum & Perry, PLLC, by Travis E. Collum, for Plaintiff.

 Parker Poe Adams & Bernstein, LLP, by Chip Holmes and John D. Branson,
 for Defendants.

 STEPHENS, Judge.

 This appeal presents the issue of whether a trial court abused its discretion in

denying Plaintiff’s motion to amend a timely-filed complaint alleging medical

malpractice in order to clarify a defective Rule 9(j) certification where (1) the motion

to amend is made after the statute of limitations has expired, but (2) the evidence is

undisputed that the actual Rule 9(j) review took place before the complaint was filed.

Because Plaintiff’s amended complaint would not relate back to the filing date of the
 VAUGHAN V. MASHBURN

 Opinion of the Court

original complaint, making the amendment futile, we are constrained to affirm the

trial court’s denial of Plaintiff’s motion to amend.

 Factual and Procedural Background

 On 3 May 2012, Plaintiff Maria Vaughan underwent a hysterectomy performed

by Defendant Lindsay Mashburn, M.D., a physician practicing obstetrics and

gynecology as an employee of Defendant Lakeshore Women’s Specialists, PC.

Vaughan alleges that, during the procedure, Mashburn inappropriately inflicted a

surgical wound to Vaughan’s right uterer. In preparation for filing a medical

malpractice claim against Defendants, in mid-October 2014, Vaughan’s trial counsel

contacted Nathan Hirsch, M.D., a specialist in obstetrics and gynecology who had

performed more than one hundred hysterectomies. Counsel sent Hirsch all medical

records related to Defendants’ alleged negligence for Hirsch’s review as required by

Rule 9(j) of the North Carolina Rules of Civil Procedure. See N.C. Gen. Stat. § 1A-1,

Rule 9(j)(1) (2015) (requiring that a medical malpractice “pleading specifically

assert[] that the medical care and all medical records pertaining to the alleged

negligence that are available to the plaintiff after reasonable inquiry have been

reviewed by a person who is reasonably expected to qualify as an expert witness

under Rule 702 of the Rules of Evidence and who is willing to testify that the medical

care did not comply with the applicable standard of care”) (emphasis added). On 31

October 2014, Hirsch informed Vaughan’s counsel that he had formed the opinion

 -2-
 VAUGHAN V. MASHBURN

 Opinion of the Court

that the care and treatment provided to Vaughan by Defendants was a violation of

the applicable standard of care and that he would testify to that opinion. Thus, the

pre-suit review in Vaughan’s case complied in all respects with the requirements of

Rule 9(j).

 However, the medical malpractice complaint Vaughan filed on 20 April 2015,

stated “the Plaintiff avers that the medical care received by Maria Vaughn

complained of herein has been reviewed . . . .” (Emphasis added). This certification

language comes from a prior version of Rule 9(j):1

 The medical care in this action has been reviewed by
 persons reasonably expected to qualify as expert witnesses
 pursuant to Rule 702 of the North Carolina Rules of
 Evidence and are willing to testify that the medical care in
 this case did not comply with the applicable standard of
 care.

N.C. Gen. Stat. § 1A-1, Rule 9(j)(1) (2009) (emphasis added). As Vaughan concedes,

her certification omitted the required assertion that “all medical records pertaining

to the alleged negligence that are available to the plaintiff after reasonable inquiry”

were reviewed by the medical expert.

1 In 2011, our General Assembly amended Rule 9(j) to, inter alia, substitute “medical care and all
medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable
inquiry have been reviewed” for “medical care has been reviewed” in subsections (j)(1) and (j)(2). See
Session Law 2011-400, s. 3. This amendment thus created an additional requirement that plaintiffs
certify the review of their medical records, as well as their medical care, by “persons reasonably
expected to qualify as expert witnesses . . . .” See N.C. Gen. Stat. § 1A-1, Rule 9(j)(1).

 -3-
 VAUGHAN V. MASHBURN

 Opinion of the Court

 On 10 June 2015, Mashburn filed a motion to dismiss pursuant to Rule of Civil

Procedure 12(b)(6), asserting that the complaint failed to state a claim upon which

relief can be granted. On 12 June 2015, Defendants filed an answer, incorporating

Mashburn’s motion to dismiss by reference. On 30 June 2015, Vaughan filed a motion

for leave to file an amended complaint, seeking to amend the wording of the Rule 9(j)

certification to clarify that “all medical records pertaining to the alleged negligence

that are available to the plaintiff after reasonable inquiry” were reviewed by the

medical expert. Attached to the motion to amend were an affidavit of Vaughan’s trial

counsel, an affidavit of Hirsch, and Vaughan’s responses to Defendants’ Rule 9(j)

interrogatories, each of which indicated that Hirsch, who reasonably expected to

qualify as an expert witness pursuant to Rule 702, had reviewed Vaughan’s medical

records before the complaint was filed.

 Following a hearing on 10 August 2015, on 27 August 2015, the trial court

entered an order granting Defendants’ motion to dismiss and denying Vaughan’s

motion to amend, stating two bases for its ruling:

 1. Plaintiff’s Original Complaint, filed April 20, 2015, did
 not comply with Rule 9(j) of the North Carolina Rules of
 Civil Procedure, as amended effective October 1, 2011, in
 that the pleading did not specifically assert that the
 Plaintiff’s medical expert reviewed all medical records
 pertaining to the alleged negligence that are available to
 the Plaintiff after reasonably inquiry [and]

 2. Plaintiff’s Motion for Leave to File an Amended
 Complaint, filed on June 30, 2015, is . . . futile because the

 -4-
 VAUGHAN V. MASHBURN

 Opinion of the Court

 proposed amendment to Plaintiff’s Original Complaint
 does not relate back to the filing date of Plaintiff’s Original
 Complaint, and the statute of limitations ran on May 3,
 2015.[]2

(Emphasis in original). From that order, Vaughan gave written notice of appeal on 5

September 2015.

 Discussion

 Vaughan argues that the trial court erred in concluding that her proposed

amendment was futile, and that, as a result, the court abused its discretion in denying

her motion to amend and erred in dismissing the action. Specifically, Vaughan

contends that the trial court was acting under a misapprehension of law, to wit, that

Vaughan’s proposed amended complaint did not relate back to the date of the filing

of the original complaint even though “uncontroverted evidence showed that an

appropriate expert review occurred before the filing of the original complaint.”

Recent precedent from this Court requires that we reject this argument.

 Motions to amend are governed by N.C. Gen. Stat. § 1A-1,
 Rule 15. Rule 15(a) provides that:

 A party may amend his pleading once as a matter of course
 at any time before a responsive pleading is served or, if the
 pleading is one to which no responsive pleading is
 permitted and the action has not been placed upon the trial
 calendar, he may so amend it at any time within 30 days
 after it is served. Otherwise a party may amend his
 pleading only by leave of court or by written consent of the

2 Medical malpractice claims must be brought within three years of the last allegedly negligent act of
the physician or medical care provider. See N.C. Gen. Stat. § 1-15(c) (2015).

 -5-
 VAUGHAN V. MASHBURN

 Opinion of the Court

 adverse party; and leave shall be freely given when justice
 so requires.

 Generally, Rule 15 is construed liberally to allow
 amendments where the opposing party will not be
 materially prejudiced. Our standard of review for motions
 to amend pleadings requires a showing that the trial court
 abused its discretion.

Fintchre v. Duke Univ., __ N.C. App. __, __, 773 S.E.2d 318, 322-23 (2015) (citations

and brackets omitted). Futility of amendment is one reason that may justify a denial

of a motion to amend. Id. at __, 773 S.E.2d at 323. However, “[w]hen discretionary

rulings are made under a misapprehension of the law, this may constitute an abuse

of discretion.” Rutherford Elec. Mbrshp. Corp. v. 130 of Chatham, LLC, __ N.C. App.

__, __, 763 S.E.2d 296, 299 (2014) (citations and internal quotation marks omitted),

appeal dismissed and disc. review denied, ___ N.C. ___, 769 S.E.2d 192 (2015).

 Here, the trial court concluded that allowing Vaughan’s motion to amend

would be futile because the amended complaint would not relate back to the filing

date of her original complaint, a matter controlled by subsection (c) of Rule 15:

 A claim asserted in an amended pleading is deemed to have
 been interposed at the time the claim in the original
 pleading was interposed, unless the original pleading does
 not give notice of the transactions, occurrences, or series of
 transactions or occurrences, to be proved pursuant to the
 amended pleading.

N.C. Gen. Stat. § 1A-1, Rule 15(c) (2015). In the two decades since Rule 9(j) was

enacted, our State’s appellate courts have frequently considered the interplay

 -6-
 VAUGHAN V. MASHBURN

 Opinion of the Court

between its certification requirements and the amendment and “relate back”

provisions of Rule 15(a) and (c).

 “Rule 9(j) serves as a gatekeeper, enacted by the legislature, to prevent

frivolous malpractice claims by requiring expert review before filing of the action.

Rule 9(j) thus operates as a preliminary qualifier to control pleadings rather than to

act as a general mechanism to exclude expert testimony.” Moore v. Proper, 366 N.C.

25, 31, 726 S.E.2d 812, 817 (2012) (citation and internal quotation marks omitted;

emphasis in original). Soon after Rule 9(j) was enacted, this Court held that “a

medical malpractice complaint that fails to include [any] Rule 9(j) certification

[cannot] be subsequently amended pursuant to Rule 15 to include the Rule 9(j)

certification.” Keith v. Northern Hosp. Dist., 129 N.C. App. 402, 404, 499 S.E.2d 200,

202, disc. review denied, 348 N.C. 693, 511 S.E.2d 646 (1998). More recently, our

Supreme Court held that “permitting amendment of a complaint to add the expert

certification where the expert review occurred after the suit was filed would conflict

directly with the clear intent of the legislature.” Thigpen v. Ngo, 355 N.C. 198, 204,

558 S.E.2d 162, 166 (2002) (emphasis added). Vaughan cites Thigpen as controlling

the outcome of her appeal and “establish[ing] that a medical malpractice plaintiff

may amend [her] Rule 9(j) certification and receive benefit of relation back under Rule

15 so long as there is evidence ‘the review occurred before the filing of the original

 -7-
 VAUGHAN V. MASHBURN

 Opinion of the Court

complaint’ in the form of an affidavit or otherwise,” such as the evidence presented to

the trial court by Vaughan.

 We believe Vaughan misreads the holding of our Supreme Court in Thigpen.

That case differs factually and procedurally from Vaughan’s matter in several

respects, including that Thigpen actually filed an amended medical malpractice

complaint to cure her failure to include any Rule 9(j) certification in her original

complaint. Id. at 200, 558 S.E.2d at 164. “[S]ix days after the statute of limitations

expired, [the] plaintiff filed an amended complaint including a certification that the

‘medical care has been reviewed’ by someone who would qualify as an expert.” Id.

The plaintiff’s case was dismissed by the trial court for failure to comply with the

requirements of Rule 9(j). Id. Thus, among other issues, the Supreme Court

considered whether

 an amended complaint which fails to allege that review of
 the medical care in a medical malpractice action took place
 before the filing of the original complaint satisfies the
 requirements of Rule 9(j). We hold it does not. . . . In light
 of the plain language of the rule, the title of the act, and
 the legislative intent previously discussed, it appears
 review must occur before filing to withstand dismissal.
 Here, in her amended complaint, [the] plaintiff simply
 alleged that [the] plaintiff’s medical care has been reviewed
 by a person who is reasonably expected to qualify as an
 expert witness. There is no evidence in the record that
 plaintiff alleged the review occurred before the filing of the
 original complaint. Specifically, there was no affirmative
 affidavit or date showing that the review took place before
 the statute of limitations expired. Allowing a plaintiff to
 file a medical malpractice complaint and to then wait until

 -8-
 VAUGHAN V. MASHBURN

 Opinion of the Court

 after the filing to have the allegations reviewed by an
 expert would pervert the purpose of Rule 9(j).

Id. at 204, 558 S.E.2d at 166-67 (citation, internal quotation marks, and some

brackets omitted; some emphasis added). In other words, the Court held that, where

an amended complaint is allowed to correct a flawed Rule 9(j) certification, the

amendment must specify that the required review occurred before the original

complaint was filed in order to satisfy the requirements of Rule 9(j). However,

contrary to Vaughan’s assertion on appeal, the above-quoted language does not stand

for the proposition that the inclusion of an “affirmative affidavit or date showing that

the review took place before the statute of limitations expired” will entitle a plaintiff

to (1) amend her Rule 9(j) certification or (2) receive benefit of relation back under

Rule 15. In Thigpen, our Supreme Court simply did not address those questions, as

it noted in holding that discretionary review had been improvidently allowed as to

the issue “of whether a plaintiff who files a complaint without expert certification

pursuant to Rule 9(j) can cure that defect after the applicable statute of limitations

expires by amending the complaint as a matter of right and having that amendment

relate back to the date of the original complaint.” Id. at 204-05, 558 S.E.2d at 167.

Thus, Thigpen is inapposite to Vaughan’s appeal.

 Instead, we conclude that this Court’s recent decisions in Alston v. Hueske, __

N.C. App. __, 781 S.E.2d 305 (2016) and Fintchre, supra, are dispositive and require

that we affirm the decision of the trial court in Vaughan’s case.

 -9-
 VAUGHAN V. MASHBURN

 Opinion of the Court

 In Alston, as here, we reviewed a trial court’s denial of a plaintiff’s motion to

amend her medical malpractice complaint to comply with the Rule 9(j) certification

requirement and the court’s resulting dismissal of the plaintiff’s entire action. Id. at

__, 781 S.E.2d at 307. The Alston plaintiff’s original complaint alleged compliance

with Rule 9(j) as follows:

 29. Prior to commencing this action, the medical records
 were reviewed and evaluated by a duly Board Certified [sic]
 who opined that the care rendered to Decedent was below
 the applicable standard of care.

 30. . . . The medical care referred to in this complaint has
 been reviewed by person(s) who are reasonably expected to
 qualify as expert witnesses, or whom the plaintiff will seek
 to have qualified as expert witnesses under Rule 702 of the
 Rules of Evidence, and who is willing to testify that the
 medical care rendered plaintiff by the defendant(s) did not
 comply with the applicable standard of care.

Id. (emphasis added). This Rule 9(j) certification, like that in Vaughan’s original

complaint, did not track the statutory language. Like Vaughan, alerted to this defect

by the defendant’s answer and motion to dismiss after the expiration of the statute of

limitations, the plaintiff “requested leave to amend the pleadings in order to clearly

comply with Rule 9(j) . . . .” Id. “[T]he trial court denied the [plaintiff’s] request under

Rule 15(a). . . . reason[ing that] the legislature intended 9(j) be satisfied from the

beginning, at the time the complaint was filed.” Id.

 On appeal, the plaintiff first argued that the trial court erred in dismissing the

complaint under “a hyper-technical reading of the rule [that] conflicts with the

 - 10 -
 VAUGHAN V. MASHBURN

 Opinion of the Court

purpose of Rule 9(j), to prevent frivolous malpractice claims [because a] reading of

the whole record show[ed] that [the plaintiff’s] claim is not frivolous.” Id. at __, 781

S.E.2d at 310. We rejected this contention, noting that

 Rule 9(j) requires “the medical care and all medical
 records” be reviewed by a person reasonably expected to
 qualify as an expert witness and who is willing to testify
 the applicable standard of care was not met. According to
 the complaint, the medical care was reviewed by someone
 reasonably expected to qualify as an expert witness who is
 willing to testify that [the] defendants did not comply with
 the applicable standard of care. However, the complaint
 alleges medical records were reviewed by a “Board
 Certified” that said the care was below the applicable
 standard of care. Thus, the complaint does not properly
 allege the medical records were reviewed by a person
 reasonably expected to qualify as an expert witness.

Id. In so holding, this Court noted that, due to the imprecise language of the

certification in the original complaint, the Court did “not have enough information to

evaluate whether this witness could reasonably be expected to qualify as an expert

in this case.” Id.

 The Alston Court then considered the trial court’s denial of the plaintiff’s

motion to amend her original complaint so as to clarify her compliance with the

requirements of Rule 9(j). Citing Keith, the Court observed that, “[b]ecause the

legislature has required strict compliance with this rule, our courts have ruled that

if a pleader fails to properly plead his case in his complaint, it is subject to dismissal

without the opportunity for the plaintiff to amend his complaint under Rule 15(a)[,]”

 - 11 -
 VAUGHAN V. MASHBURN

 Opinion of the Court

and that, further, “[b]ecause th[e] plaintiff did not file the complaint with the proper

Rule 9(j) certification before the running of the statute of limitation, the complaint

cannot have been deemed to have commenced within the statute.” Id. at __, 781

S.E.2d at 310, 311.

 Vaughan attempts to distinguish Alston from her own case by noting that,

unlike in Alston where the Court did “not have enough information to evaluate

whether th[e] witness could reasonably be expected to qualify as an expert[,]” id. at

__, 781 S.E.2d at 310, here the evidence is undisputed that Vaughan fully complied

with the review requirements of Rule 9(j) before the complaint was filed. However,

in affirming the trial court’s denial of the plaintiff’s motion to amend, the Alston Court

did not discuss or even mention the lack of clarity regarding whether the review

required by Rule 9(j) had actually been completed before the original complaint was

filed. See id. at __, 781 S.E.2d at 310-11. Likewise, the Court did not qualify its

holding that, where a “plaintiff did not file the complaint with the proper Rule 9(j)

certification before the running of the statute of limitation, the complaint cannot have

been deemed to have commenced within the statute.” Id. at __, 781 S.E.2d at 311.

 In Fintchre, this Court also considered the interplay of Rule 9(j) and Rule 15.

In that matter, as in Vaughan’s case,

 the trial court concluded that [the] plaintiff had failed to
 file a complaint containing the required Rule 9(j)
 certification within three years of the acts that caused her
 alleged injuries based on [the] plaintiff’s failure to allege

 - 12 -
 VAUGHAN V. MASHBURN

 Opinion of the Court

 that all medical records pertaining to the alleged
 negligence were reviewed by a person who [the] plaintiff
 reasonably expected to qualify as an expert witness. The
 trial court further concluded that plaintiff’s motion to
 amend the 9(j) certification in her second complaint . . . was
 futile because the statute of limitations elapsed.

__ N.C. App. at __, 773 S.E.2d at 323 (internal quotation marks omitted). The

plaintiff conceded that the language of the Rule 9(j) certification was deficient, but

argued that,

 because she complied with the substantive requirements of
 Rule 9(j) before she filed her first action, filed her first
 action within the statute of limitations, and filed her
 second action within one year of taking a voluntary
 dismissal of her first action, the trial court should have
 granted her motion to amend the Rule 9(j) certification in
 her second complaint.

Id. In rejecting this argument, the Fintchre Court relied in part on the reasoning of

McKoy v. Beasley, 213 N.C. App. 258, 712 S.E.2d 712, appeal dismissed, 365 N.C. 352,

718 S.E.2d 150, disc. review denied, __ N.C. __, 732 S.E.2d 343 (2011), in which we

considered the interplay between Rule 9(j) and another route for attempting to cure

a defective certification, to wit, by means of a Rule 41 dismissal and subsequent filing

of a second action. See id. at 260, 712 S.E.2d at 713. We affirmed the trial court’s

dismissal of the second action “[s]ince the original complaint, that was filed within

[the applicable statute of] limitations period was defective, the subsequent complaint

must be dismissed.” Id. at 263, 712 S.E.2d at 715 (noting that a “defective original

complaint cannot be rectified by a dismissal followed by a new complaint complying

 - 13 -
 VAUGHAN V. MASHBURN

 Opinion of the Court

with Rule 9(j), where the second complaint is filed outside of the applicable statute of

limitations”).

 Relying, inter alia, on this discussion from McKoy, the Fintchre Court affirmed

the trial court’s dismissal of that plaintiff’s action based on the futility of her motion

to amend:

 Both complaints failed to allege that a person reasonably
 expected to qualify as an expert had reviewed all available
 medical records pertaining to the alleged negligence.
 Because the second complaint was filed following the
 expiration of the statute of limitations, [the] plaintiff must
 rely on the first complaint in order to have timely filed her
 medical malpractice action. We hold that where [the]
 plaintiff failed to file a complaint including a valid Rule
 9(j) certification within the statute of limitations, granting
 [the] plaintiff’s motion to amend her second complaint
 would have been futile, as the trial court found.

Fintchre, __ N.C. App. at __, 773 S.E.2d at 325 (emphasis added). As with Alston,

Vaughan draws our attention to distinctions between her case and Fintchre, namely:

(1) that Fintchre concerned amending a complaint after a voluntary dismissal

pursuant to Rule 41(a); and (2) that Vaughan, unlike the plaintiff in Fintchre, did not

file two complaints with non-conforming Rule 9(j) certifications, the second of which

was filed after notice of the first certification’s deficiency. As with the distinctions

Vaughan notes from Alston, we are not persuaded that these distinctions with

Fintchre played a meaningful role in the Court’s reasoning or holding. Indeed, as

noted in the concurring opinion in Fintchre, in that matter, as here, it was clear that

 - 14 -
 VAUGHAN V. MASHBURN

 Opinion of the Court

the plaintiff had actually complied with the substance of Rule 9(j) and that her

certification failure did not violate the intent of the rule:

 [I]t is undisputed that [the] plaintiff complied with the
 requirement that her medical care and records be reviewed
 by a medical expert before her first complaint was filed and
 that [the] defendants had notice of that fact. Thus, the
 intent of Rule 9(j), to wit, requiring expert review of medical
 malpractice claims to prevent frivolous lawsuits, was
 plainly met before [the] plaintiff filed her first complaint.
 The obvious failure of [the] plaintiff’s trial counsel to word
 the Rule 9(j) certification of compliance as specified in the
 statute is a highly technical failure which here results in
 the dismissal of a medical malpractice case which is not
 frivolous for the reasons Rule 9(j) is designed to prevent. I
 am thus sympathetic with the position of [the] plaintiff,
 who is thereby denied any opportunity to prove her claims
 before a finder of fact. I question whether such a harsh and
 pointless outcome was intended by our General Assembly
 in enacting Rule 9(j).

Fintchre, __ N.C. App. at __, 773 S.E.2d at 327 (Stephens, J., concurring) (emphasis

in original).

 For the reasons discussed above, we are again compelled by precedent to reach

“a harsh and pointless outcome” as a result of “a highly technical failure” by

Vaughan’s trial counsel—the dismissal of a non-frivolous medical malpractice claim

and the “den[ial of] any opportunity to prove her claims before a finder of fact.” Id.

 Conclusion

 In sum, our case law establishes that, where a medical malpractice “plaintiff

did not file the complaint with the proper Rule 9(j) certification before the running of

 - 15 -
 VAUGHAN V. MASHBURN

 Opinion of the Court

the statute of limitation, the complaint cannot have been deemed to have commenced

within the statute.” Alston, __ N.C. App. at __, 781 S.E.2d at 311 (emphasis added).

Thus, “where [a] plaintiff failed to file a complaint including a valid Rule 9(j)

certification within the statute of limitations, granting [the] plaintiff’s motion to

amend her second complaint would have been futile . . . .” Fintchre, __ N.C. App. at

__, 773 S.E.2d at 325 (emphasis added). The trial court’s conclusion that Vaughan’s

amendment would be futile was therefore correct under our established precedent

and not a misapprehension of law. As a result, we cannot conclude that the trial

court’s denial of Vaughan’s motion to amend was an abuse of discretion. Accordingly,

the trial court’s order denying that motion and dismissing Vaughan’s medical

malpractice complaint must be affirmed. This Court does not have the authority to

rule otherwise.

 AFFIRMED.

 Judges BRYANT and McCULLOUGH concur.

 - 16 -