HUNTER, JR., Robert N., Judge.
 

 *547
 
 Antonisha Alston, the administrator for the Estate of Antonio R. Bellamy ("the Administrator") appeals from the trial court's order dismissing Plaintiff's complaint under Rules 9(j) and 12(b)(6) as well as the court's denial of his motion to amend the pleadings. After review, we affirm the trial court's dismissal.
 

 I. Factual and Procedural Background
 

 On 23 December 2013, one week before the statute of limitations ran, the Administrator filed an unverified complaint against Dr. Herendra Arora ("Dr. Arora") and Amy Hueske ("Hueske"), a nurse, seeking damages for medical negligence. The complaint alleges the following narrative.
 

 On 27 December 2011, Antonio Bellamy ("Bellamy"), suffered a burn on his right foot and was subsequently hospitalized at University of North Carolina Hospitals in Chapel Hill, North Carolina. On 30 December 2011, Bellamy underwent a skin graft to address the burn. This procedure employed the use of a Laryngeal Mask Airway to facilitate his breathing. During the operation, the attending anesthesiologist, Dr. Arora, left the room for reasons not described in the complaint. Medical staff, namely Dr. Arora and nurse Hueske failed to monitor or document his breathing, oxygenation, and ventilation for three minutes.
 

 During this time, Bellamy's blood pressure and heart rate fell, requiring medical staff to administer medication to increase Bellamy's blood pressure. When this proved insufficient, medical staff administered CPR. Finally, medical staff inserted an endotracheal tube into Bellamy's airway. The tube first inserted was not properly inspected and had a leak which required the tube to be exchanged for another. During the events described above, Bellamy suffered a period of decreased oxygen for approximately fifteen minutes which led to cardiac arrest. Medical staff placed Bellamy on a ventilator. Through hospital representatives,
 
 *548
 
 Dr. Arora and Hueske relayed to Bellamy's family that there was a "small complication involving an equipment malfunction, but it was detected in time before any harm was done ... [Bellamy] would be fine." The day after the surgery, Bellamy's family was pressured to make a decision, and ultimately decided to remove Bellamy from the ventilator. Bellamy passed away in the hospital on 1 January 2012.
 

 In order to comply with Rule 9(j), the complaint alleged the following:
 

 29. Prior to commencing this action, the medical records were reviewed and evaluated by a duly Board Certified who opined that the care rendered to Decedent was below the applicable standard of care.
 

 30.... The medical care referred to in this complaint has been reviewed by person(s) who are reasonably expected to qualify as expert witnesses, or whom the plaintiff will seek to have qualified as expert witnesses under Rule 702 of the Rules of Evidence, and who is willing to testify that the medical care rendered plaintiff by the defendant(s) did not comply with the applicable standard of care.
 

 On 24 February 2014, Dr. Arora and Hueske filed an unverified answer generally denying the allegations of the Administrator's complaint. Dr. Arora and Hueske asserted defenses under Rule 12(b)(6) and Rule 9(j) within their answer. Following the pleading, the Administrator agreed to voluntarily dismiss Dr. Arora pursuant to Rule 41. This left only the nurse, Hueske, as a Defendant.
 

 The Administrator requested leave to amend the pleadings in order to clearly comply with Rule 9(j), but the trial court denied the Administrator's request under Rule 15(a). The court reasoned the legislature intended 9(j) be satisfied from the beginning, at the time the complaint was filed. The trial court dismissed the case without prejudice pursuant to Rule 12(b)(6) and Rule 9(j) in an order dated 25 September 2014. The Administrator timely filed a notice of appeal with this Court.
 

 *308
 

 II. Jurisdiction
 

 Jurisdiction lies in this court by right pursuant to N.C. Gen.Stat. § 7A-27(b)(1) from a final judgment of a superior court.
 

 III. Standard of Review
 

 We review the trial court's dismissal
 
 de novo.
 
 The standard of review of a Rule 12(b)(6) motion to dismiss is
 
 de novo.
 

 Leary v. N.C. Forest
 

 *549
 

 Prods., Inc.,
 

 157 N.C.App. 396
 
 , 400,
 
 580 S.E.2d 1
 
 , 4 (2003). Likewise, a trial court's order dismissing a complaint pursuant to Rule 9(j) is reviewed
 
 de novo
 
 on appeal because it is a question of law.
 
 Barringer v. Wake Forest Univ. Baptist Med. Ctr.,
 

 197 N.C.App. 238
 
 , 256,
 
 677 S.E.2d 465
 
 , 477 (2009).
 

 IV. Analysis
 

 Rule 9 was amended in 1995 by adding a new subsection, subsection (j). N.C. Sess. Law 1995-309. At that time, the newly enacted Rule 9(j) required any medical malpractice complaint to be dismissed unless:
 

 (1) The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;
 

 (2) The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or
 

 (3) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.
 

 Id.
 

 In
 
 Thigpen v. Ngo,
 
 the Supreme Court of North Carolina interpreted Rule 9(j) where the plaintiff failed to specify that the medical records had been reviewed by an expert before the plaintiff filed the complaint.
 
 Thigpen v. Ngo,
 

 355 N.C. 198
 
 , 199,
 
 558 S.E.2d 162
 
 , 163-164 (2002). In
 
 Thigpen,
 
 before the expiration of the statute of limitations, plaintiff filed an amended complaint certifying the " 'medical care has been reviewed' by someone who would qualify as an expert."
 

 Id.,
 

 558 S.E.2d at 163-164
 
 .
 

 The Supreme Court reasoned that the statute's language was clear and unambiguous in requiring dismissal if the requirements of Rule 9(j) were not met.
 

 Id.
 

 at 202
 
 ,
 
 558 S.E.2d at 165
 
 . "[M]edical malpractice complaints have a distinct requirement of expert certification with which plaintiffs must comply. Such complaints will receive strict consideration by the trial judge. Failure to include the certification leads to dismissal."
 

 Id.,
 

 558 S.E.2d at 165
 
 .
 

 *550
 
 In 2011, the General Assembly further amended Rule 9(j) effective 1 October 2011. N.C. Sess. Law 2011-400. As it reads today, Rule 9(j) requires any complaint alleging medical malpractice be dismissed unless:
 

 (1) The pleading specifically asserts
 
 that the medical care and all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry
 
 have been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care.
 

 (2) The pleading specifically asserts that
 
 the medical care and all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry
 
 have been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or
 

 (3) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.
 

 N.C. Gen.Stat. § 1A-1, Rule 9(j) (2013) (emphasis added to reflect amendment). The Supreme Court of North Carolina decided a case under Rule 9(j) again in 2012, noting that although Rule 9(j) was amended, the requirements remain "substantially unchanged."
 

 *309
 

 Moore v. Proper,
 

 366 N.C. 25
 
 , 29 n. 1,
 
 726 S.E.2d 812
 
 , 816 n. 1 (2012).
 

 It is important for persons filing a complaint under Rule 9(j) to ensure compliance with the rule at the time of filing. Expert review "must take place before the filing of the complaint."
 
 Thigpen,
 

 355 N.C. at 205
 
 ,
 
 558 S.E.2d at 167
 
 . Our courts have strictly enforced this requirement because of the legislature's purpose in enacting Rule 9(j).
 

 The legislature specifically drafted Rule 9(j) to govern the initiation of medical malpractice actions and
 
 to require physician review as a condition for filing the action.
 
 The legislature's intent was to provide a more specialized and stringent procedure for plaintiffs in medical malpractice claims through Rule 9(j)'s requirement of expert
 
 *551
 
 certification prior to the filing of a complaint. Accordingly, permitting amendment of a complaint to add the expert certification where the expert review occurred after the suit was filed would conflict directly with the clear intent of the legislature.
 

 Thigpen,
 

 355 N.C. at 203-204
 
 ,
 
 558 S.E.2d at 166
 
 (emphasis added).
 

 In addition, Rule 9(j) requires the medical records and medical care be "reviewed by a person who is reasonably expected to qualify as an expert witness." N.C. Gen.Stat. § 1A-1, Rule 9(j)(1) (2013). To comply, the record and care reviewer must be reasonably expected to qualify under Rule 702 of the North Carolina Rules of Evidence.
 
 Moore,
 

 366 N.C. at 26
 
 ,
 
 726 S.E.2d at 814
 
 . Rule 702(b) governs expert testimony in medical malpractice actions. An expert in a medical malpractice action must be a licensed health care provider, and if the party is a specialist, the expert must specialize in the same or a similar specialty as the party against whom the testimony is given. N.C. Gen.Stat. § 8C-1, Rule 702(b)(1) (2013). The Rule also requires either an active clinical practice or instructing students in a professional school. N.C. Gen.Stat. § 8C-1, Rule 702(b)(2) (2013).
 

 In fact, since Rule 9(j) requires a high standard for pleadings, Rule 9(j) also provides an avenue to extend the statute of limitations in order to provide additional time, if needed, to meet the expert review requirement.
 
 See
 

 Brown v. Kindred Nursing Ctrs. East, LLC,
 

 364 N.C. 76
 
 , 80,
 
 692 S.E.2d 87
 
 , 89-90 (2010). In its discretion, the trial court may allow a motion to extend the statute of limitations for up to 120 days. N.C. Gen.Stat. § 1A-1, Rule 9(j) (2013). The intent was to allow additional time to find an expert to review the medical records so that they may be reviewed
 
 prior to filing the complaint
 
 to meet the standard of Rule 9(j).
 
 Brown
 
 at 80,
 
 692 S.E.2d at 90
 
 . The extension may not be used to amend a previously filed complaint in order for it to comply with the 9(j) requirement.
 

 Id.
 

 "Permitting amendment of a complaint to add the expert certification where the expert review occurred after the suit was filed would conflict directly with the clear intent of the legislature."
 

 Id.
 

 (quoting
 
 Thigpen,
 

 355 N.C. at 204
 
 ,
 
 558 S.E.2d at
 
 166 ).
 

 A. Motion to Dismiss
 

 We review an appeal from a motion to dismiss
 
 de novo.
 
 On a motion to dismiss, all material facts are taken as true and the motion is viewed in the light most favorable to the plaintiff.
 
 Robinson v. Smith,
 

 219 N.C.App. 518
 
 , 521,
 
 724 S.E.2d 629
 
 , 631 (2012). In medical malpractice actions, complaints must meet a higher standard than generally required to
 
 *552
 
 survive a motion to dismiss. As the statute requires, the requirements of Rule 9(j) must be met in the complaint in order to survive a motion to dismiss. N.C. Gen.Stat. § 1A-1, Rule 9(j) (2013).
 

 Rule 9(j) must be satisfied at the time of the complaint's filing. Here, the complaint states:
 

 29. Prior to commencing this action, the medical records were reviewed and evaluated by a duly Board Certified who opined that the care rendered to Decedent was below the applicable standard of care.
 

 30.... The medical care referred to in this complaint has been reviewed by person(s) who are reasonably expected to qualify as expert witnesses, or whom the plaintiff will seek to have qualified as expert witnesses under Rule 702 of the Rules of Evidence, and who is willing to testify that the medical
 
 *310
 
 care rendered plaintiff by the defendant(s) did not comply with the applicable standard of care.
 

 The Administrator argues the trial court erred by granting the dismissal because the complaint met the requirements of Rule 9(j), thus stating a claim for which relief could be granted. Specifically, the Administrator points out there is no requirement for the requirements of Rule 9(j) to be set out within the same paragraph. Such a "hyper-technical" reading of the rule conflicts with the purpose of Rule 9(j), to prevent frivolous malpractice claims. A reading of the whole record shows that this claim is not frivolous. The Administrator also contends that in practice, dismissal under Rule 9(j) usually only happens after early discovery determines whether the board certified reviewers of medical records were qualified to testify as expert witnesses. We are not persuaded.
 

 The wording of the complaint renders compliance with 9(j) problematic. A plaintiff can avoid this result by using the statutory language. Rule 9(j) requires "the medical care and all medical records" be reviewed by a person reasonably expected to qualify as an expert witness and who is willing to testify the applicable standard of care was not met. According to the complaint, the medical care was reviewed by someone reasonably expected to qualify as an expert witness who is willing to testify that defendants did not comply with the applicable standard of care. However, the complaint alleges medical records were reviewed by a "Board Certified" that said the care was below the applicable standard of care. Thus, the complaint does not properly allege the medical records were reviewed by a person
 
 reasonably
 
 expected to qualify as an expert witness.
 

 *553
 
 This omission in the complaint unnecessarily raises questions about whether the witness being "reasonably expected" to qualify as an expert under Rule 702. The only information we have is that the witness is "Board Certified." We do not know whether the witness is a certified doctor or nurse, or even another health care professional. We also cannot say whether the " Board Certified" person is of the same or similar specialty as would be required to testify Hueske violated a standard of care. Simply put, we do not have enough information to evaluate whether this witness could reasonably be expected to qualify as an expert in this case.
 

 The legislature passed Rule 9(j) to require a more stringent procedure to file a medical malpractice claim. Although pleadings are generally construed liberally, legislative intent as well as the strict interpretation given to Rule 9(j) by the North Carolina Supreme Court require us to find the wording of this complaint insufficient to meet the high standard of Rule 9(j).
 

 B. Motion to Amend
 

 In medical malpractice cases, Rule 9(j) requires that the plaintiff obtain relevant medical records and have those medical records examined by a person who is reasonably expected to qualify as an expert witness prior to the filing of the initial complaint or within 120 days of the filing of the complaint should the plaintiff ask for an extension of time pursuant to Rule 9(j). N.C. Gen.Stat. § 1A-1, Rule 9(j) (2013). Because the legislature has required strict compliance with this rule, our courts have ruled that if a pleader fails to properly plead his case in his complaint, it is subject to dismissal without the opportunity for the plaintiff to amend his complaint under Rule 15(a). N.C. Gen.Stat. § 1A-1, Rule 15(a) (2013) ;
 
 Keith v. Northern Hosp. Dist. Of Surry County,
 

 129 N.C.App. 402
 
 , 405,
 
 499 S.E.2d 200
 
 , 202 (1998). "To read Rule 15 in this manner would defeat the objective of Rule 9(j) which ... seeks to avoid the
 
 filing
 
 of frivolous medical malpractice claims."
 

 Id.,
 

 499 S.E.2d at 202
 
 (emphasis in original).
 

 Another possibility is to voluntarily dismiss the action pursuant to Rule 41. A voluntary dismissal by judicial order under Rule 41(a)(2) results in a dismissal without prejudice and generally allows a new action based on the same claim to be commenced within one year of the dismissal so long as the original claim was brought within the applicable statute of limitations. N.C. Gen.Stat. § 1A-1, Rule 41(a)(2) (2013). Provided the original complaint was filed within the statutory period, Rule 41 allows, in some situations, a 9(j) deficient complaint to be
 
 *554
 
 dismissed and then re-filed with a sufficient
 
 *311
 
 9(j) statement within one year of dismissal.
 
 Brisson v. Kathy A. Santoriello, M.D., P.A.,
 

 351 N.C. 589
 
 , 593,
 
 528 S.E.2d 568
 
 , 570 (2000). However, to re-file after a voluntary dismissal, the action must still be "commenced within the time prescribed therefor."
 
 Bass v. Durham County Hosp. Corp.,
 

 158 N.C.App. 217
 
 , 224,
 
 580 S.E.2d 738
 
 , 742 (2003) (Tyson, J., dissenting),
 
 rev'd,
 

 358 N.C. 144
 
 ,
 
 592 S.E.2d 687
 
 (2004) (adopting reasoning in dissenting opinion). An action is only "commenced" under rule 9(j) if it has been properly reviewed by an expert at the time of filing.
 

 Id.
 

 Because this plaintiff did not file the complaint with the proper Rule 9(j) certification before the running of the statute of limitation, the complaint cannot have been deemed to have commenced within the statute.
 

 The appellant asks that we review his Rule 15 motion as the functional equivalent of a Rule 60 motion to correct a technical or clerical error. Because such motion was not pled before the trial court and ruled on we have no jurisdiction to determine this issue.
 

 Although the Administrator presents an interesting procedural argument on appeal, the transcript of the dismissal does not show she made a Rule 60 motion at trial. Instead, the Administrator moved "to amend the complaint" without citing a specific rule. The trial court denied the Administrator's motion to amend her complaint pursuant to Rule 15(a). At that time, the Administrator did not explain to the court she intended to amend the complaint under Rule 60 nor did she make a separate Rule 60 motion. We find no Rule 60 motion in the record or transcript and thus have no jurisdiction to rule on a motion not made at the trial court.
 

 V. Conclusion
 

 For the foregoing reasons, we affirm the final judgment of the trial court.
 

 AFFIRMED.
 

 Judges DILLON and DIETZ concur.