DAVIS, Judge.
 

 *570
 
 In this case, we must once again determine the effect of a litigant's failure to fully comply with the pleading requirements imposed by Rule 9(j) of the North Carolina Rules of Civil Procedure on a complaint alleging medical malpractice. Starla Fairfield and Lenny Fairfield ("Plaintiffs") appeal from the trial court's order dismissing this action based on their noncompliance with Rule 9(j). We affirm.
 

 Factual and Procedural Background
 

 We have summarized the pertinent facts below using Plaintiffs' own statements from their complaint, which we treat as true in reviewing a trial court's order granting a motion to dismiss.
 
 See, e.g.
 
 ,
 
 Stein v. Asheville City Bd. of Educ.
 
 ,
 
 360 N.C. 321
 
 , 325,
 
 626 S.E.2d 263
 
 , 266 (2006) ("When reviewing a complaint dismissed under Rule 12(b)(6), we treat a plaintiff's factual allegations as true.").
 

 On 10 May 2014, Starla Fairfield was admitted to WakeMed Health & Hospitals ("WakeMed") in connection with an accidental overdose of acetaminophen. During her treatment, she was given a dose of Mucomyst that was approximately five times greater than the recommended dose. Medical personnel at WakeMed contacted Carolinas Poison Center, and emergency dialysis was ultimately performed on Mrs. Fairfield. Mrs. Fairfield and her husband were informed by medical staff at WakeMed that the staff was "only aware of two other cases of Mucomyst overdose, both resulting in death and severe brain damage, and therefore, that Mrs. Fairfield would also most likely die."
 

 Mrs. Fairfield was subsequently released from WakeMed. As a result of this incident,
 
 *279
 
 she continues to experience physical and emotional pain and suffering.
 

 On 13 April 2017, Mrs. Fairfield and her husband filed a complaint in Wake County Superior Court naming as defendants WakeMed; Marsha M. Smith, M.D.; Benjamin German, M.D.; Chudaratna Bhargava, M.D.; and John and Jane Doe Medical Staff.
 
 [1]
 
 In their complaint, Plaintiffs alleged claims for medical malpractice, negligent infliction of emotional distress, and loss of consortium. All of these claims were alleged to have arisen out of defendants' medical negligence in treating Mrs. Fairfield.
 

 *571
 
 The Complaint contained the following provision:
 

 RULE 9(j) CERTIFICATION
 

 Counsel for the Plaintiffs hereby certify and affirm, that prior to the filing [sic] this lawsuit, pursuant to Rule 9 (j) of the North Carolina Rules of Civil Procedure, that
 
 certain
 
 medical records and the medical care received by Mrs. Fairfield has been reviewed by a physician who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical standard of care provided by Defendants did not comply with the applicable standard of care.
 

 (Emphasis added.)
 

 All of the Defendants filed timely answers and motions to dismiss pursuant to Rule 12(b)(6). On 9 November 2017, a hearing on Defendants' motions was held before the Honorable W.O. Smith, III, in Wake County Superior Court. On 16 November 2017, the trial court entered an order dismissing this action based on its determination that Plaintiffs had failed to comply with Rule 9(j). Plaintiffs filed a timely notice of appeal.
 

 Analysis
 

 I. Rule 9(j)
 

 In this appeal, Plaintiffs contend that the trial court erred in determining that their complaint was not in compliance with Rule 9(j).
 

 The standard of review of an order granting a Rule 12(b)(6) motion is whether the complaint states a claim for which relief can be granted under some legal theory when the complaint is liberally construed and all the allegations included therein are taken as true. On appeal, we review the pleadings
 
 de novo
 
 to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct.
 

 Feltman v. City of Wilson
 
 ,
 
 238 N.C. App. 246
 
 , 251,
 
 767 S.E.2d 615
 
 , 619 (2014).
 

 "Dismissal is proper when one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses
 
 *572
 
 some fact that necessarily defeats the plaintiff's claim."
 
 Podrebarac v. Horack, Talley, Pharr, & Lowndes, P.A.
 
 ,
 
 231 N.C. App. 70
 
 , 74,
 
 752 S.E.2d 661
 
 , 663 (2013) (citation omitted).
 

 A plaintiff's pleading in a medical malpractice action, however, "must meet a higher standard than generally required to survive a motion to dismiss.... [T]he requirements of Rule 9(j) must be met in the complaint in order to survive a motion to dismiss."
 
 Alston v. Hueske
 
 ,
 
 244 N.C. App. 546
 
 , 551-52,
 
 781 S.E.2d 305
 
 , 309 (2016). Rule 9(j) states, in pertinent part, as follows:
 

 (j)
 
 Medical malpractice
 
 .-Any complaint alleging medical malpractice by a health care provider ... shall be dismissed unless:
 

 (1) The pleading specifically asserts that the medical care and
 
 all
 
 medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry have been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care
 
 *280
 
 did not comply with the applicable standard of care[.]
 

 N.C. R. Civ. P. 9(j) (emphasis added).
 

 Our Supreme Court has explained that Rule 9(j) was intended to serve "as a gatekeeper, enacted by the legislature, to prevent frivolous malpractice claims by requiring expert review
 
 before
 
 filing of the action."
 
 Moore v. Proper
 
 ,
 
 366 N.C. 25
 
 , 31,
 
 726 S.E.2d 812
 
 , 817 (2012). Our courts have strictly enforced Rule 9(j) 's "clear and unambiguous" language as requiring dismissal of a medical malpractice action when the plaintiff's pleading is not in compliance with the Rule's requirements.
 
 Thigpen v. Ngo
 
 ,
 
 355 N.C. 198
 
 , 202,
 
 558 S.E.2d 162
 
 , 165 (2002) (citation and quotation marks omitted).
 
 See
 
 id.
 

 ("[M]edical malpractice complaints have a distinct requirement of expert certification with which the plaintiffs must comply. Such complaints will receive strict consideration by the trial judge. Failure to include the certification leads to dismissal.").
 

 Here, the Rule 9(j) certification in Plaintiffs' complaint merely asserted that "certain" of Mrs. Fairfield's medical records had been reviewed by a physician who was expected to provide expert testimony that Defendants' treatment of her fell below the applicable standard of medical care. However, as quoted above, the plain language of Rule 9(j) requires that a plaintiff's pleading in a medical malpractice action
 
 *573
 
 contain an explicit certification that "all" medical records pertaining to the allegedly negligent acts have been reviewed.
 

 We find instructive our Court's decision in
 
 Alston
 
 in which we similarly addressed a litigant's failure to strictly comply with the requirements of Rule 9(j). In
 
 Alston
 
 , the plaintiff brought a medical malpractice action arising from the death of the decedent during a surgical procedure.
 
 Alston
 
 ,
 
 244 N.C. App. at 547-48
 
 ,
 
 781 S.E.2d at 307
 
 . In an attempt to comply with Rule 9(j), the complaint alleged the following:
 

 29. Prior to commencing this action, the medical records were reviewed and evaluated by a duly Board Certified [sic] who opined that the care rendered to Decedent was below the applicable standard of care.
 

 30. ... The medical care referred to in this complaint has been reviewed by person[s] who are reasonably expected to qualify as expert witnesses, or whom the plaintiff will seek to have qualified as expert witnesses under Rule 702 of the Rules of Evidence, and who is willing to testify that the medical care rendered plaintiff by the defendant(s) did not comply with the applicable standard of care.
 

 Id.
 

 at 548
 
 ,
 
 781 S.E.2d at 307
 
 .
 

 The trial court granted the defendants' motion to dismiss on the ground that the Rule 9(j) certification was defective. We affirmed the court's order and stated the following in explaining our ruling:
 

 The wording of the complaint renders compliance with 9(j) problematic. A plaintiff can avoid this result by using the statutory language. Rule 9(j) requires "the medical care and all medical records" be reviewed by a person reasonably expected to qualify as an expert witness and who is willing to testify the applicable standard of care was not met. According to the complaint, the medical care was reviewed by someone reasonably expected to qualify as an expert witness who is willing to testify that defendants did not comply with the applicable standard of care. However, the complaint alleges medical records were reviewed by a "Board Certified" that said the care was below the applicable standard of care. Thus, the complaint does not properly allege the medical records were reviewed by a person
 
 reasonably
 
 expected to qualify as an expert witness.
 

 *574
 
 This omission in the complaint unnecessarily raises questions about ... the witness being "reasonably expected" to qualify as an expert under Rule 702. The only information we have is that the witness is "Board Certified." We do not know whether the witness is a certified doctor or nurse, or even another health care professional. We also cannot say whether the "Board Certified" person is of the same or similar specialty as would be required to testify [that] Hueske violated a standard of care. Simply put, we do not have enough information to evaluate whether this witness
 
 *281
 
 could reasonably be expected to qualify as an expert in this case.
 

 The legislature passed Rule 9(j) to require a more stringent procedure to file a medical malpractice claim. Although pleadings are generally construed liberally, legislative intent as well as the strict interpretation given to Rule 9(j) by the North Carolina Supreme Court require us to find the wording of this complaint insufficient to meet the high standard of Rule 9(j).
 

 Id.
 

 at 552-53
 
 ,
 
 781 S.E.2d at 310
 
 .
 

 Thus,
 
 Alston
 
 demonstrates the degree to which North Carolina courts have strictly enforced the provisions of Rule 9(j). Although the specific reason that Plaintiffs' complaint fails to fully comply with Rule 9(j) in the present case is distinct from that existing in
 
 Alston
 
 , we are nevertheless compelled to reach the same result. Here, Plaintiffs' use of the word "certain" instead of "all" in their complaint with regard to those medical records actually reviewed by their proposed expert witness constitutes a failure to adhere to Rule 9(j) 's specific requirements. Based on the unambiguous language of the Rule, all of the relevant medical records reasonably available to a plaintiff in a medical malpractice action must be reviewed by the plaintiff's anticipated expert witness prior to the filing of the lawsuit, and a certification of compliance with this requirement must be explicitly set out in the complaint.
 

 Allowing a plaintiff's expert witness to selectively review a mere portion of the relevant medical records would run afoul of the General Assembly's clearly expressed mandate that the records be reviewed in their totality. Rule 9(j) simply does not permit a case-by-case approach that is dependent on the discretion of the plaintiff's attorney or her proposed expert witness as to which of the available records falling within the ambit of the Rule are most relevant. Instead, Rule 9(j) requires a
 
 *575
 
 certification that
 
 all
 
 "medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry" have been reviewed before suit was filed.
 
 See
 
 N.C. R. Civ. P. 9(j).
 

 The certification here simply did not conform to this requirement. Therefore, the trial court properly ruled that Plaintiffs had failed to comply with Rule 9(j).
 
 See
 

 Fintchre v. Duke Univ.
 
 ,
 
 241 N.C. App. 232
 
 , 242,
 
 773 S.E.2d 318
 
 , 325 (2015) (affirming trial court's dismissal of medical malpractice complaint for noncompliance with Rule 9(j) ).
 

 II. Due Process
 

 Plaintiffs also contend that the application of Rule 9(j) in this case violates their due process rights. As an initial matter, however, Plaintiffs do not cite any legal authority in support of this argument as required by the North Carolina Rules of Appellate Procedure.
 
 See
 
 N.C. R. App. P. 28(b)(6) ("The body of the argument and the statement of applicable standard(s) of review shall contain citations of the authorities upon which the appellant relies."). Therefore, we deem this issue to be abandoned.
 

 Plaintiffs' constitutional argument fails substantively as well. Rather than providing an actual explanation as to how Rule 9(j) violates their due process rights, they instead candidly concede that "the argument that the Plaintiff[s] now make is one asking and recommending of [sic] this Court that the law (i.e., language of Rule 9(j) ) requires changing in order to do equity and justice."
 

 It is axiomatic that such a request for us to rewrite a statute is antithetical to the proper role of a court in our system of government. As our Supreme Court stated more than fifty years ago:
 

 When a court, in effect, constitutes itself a superlegislative body, and attempts to rewrite the law according to its predilections and notions of enlightened legislation, it destroys the separation of powers and thereby upsets the delicate system of checks and balances which has heretofore formed the keystone of our constitutional government.
 

 State v. Cobb
 
 ,
 
 262 N.C. 262
 
 , 266,
 
 136 S.E.2d 674
 
 , 677 (1964).
 

 We are not unmindful of the harsh outcomes that can result from the application of Rule 9(j). However, based on the clear language employed by the General Assembly and the prior caselaw from our appellate courts that we are bound to follow, we must
 
 *282
 
 interpret Rule 9(j) as it is written.
 
 *576
 
 Any modification of the pleading requirements contained therein must come from the legislative branch rather than the judicial branch.
 
 See
 

 In re J.M.D.
 
 ,
 
 210 N.C. App. 420
 
 , 427,
 
 708 S.E.2d 167
 
 , 172 (2011) ("[N]either we nor the trial court can re-write the statute which the General Assembly has given us.").
 

 Conclusion
 

 For the reasons stated above, we affirm the trial court's 16 November 2017 order.
 

 AFFIRMED.
 

 Judges ELMORE and DILLON concur.
 

 [1]
 

 Plaintiffs subsequently took a voluntary dismissal of their claims against Dr. Bhargava, Dr. German, and John and Jane Doe Medical Staff. Therefore, WakeMed and Dr. Smith are the only remaining defendants.